# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
### 2:14cv34

| | | |
|---|---|---|
| GARY BARNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE AUTO PROPERTY & | ) | |
| CASUALTY INSURANCE COMPANY | ) | |
| and U.S. BANK NATIONAL | ) | |
| ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

_____

Pending before the Court is Defendant State Auto Property & Casualty

Insurance Company's ("Defendant" or "State Auto") Motion to Dismiss [# 3].

Plaintiff brought this action in state court asserting claims for breach of contract

and bad faith and tortious breach of contract.  Both claims stem from Defendant's

alleged failure to pay for losses to Plaintiff's property.  Defendant State Auto now

moves to dismiss the bad faith and tortious breach of contract claim pursuant to

Rule 12(b)(6).  The Court **GRANTS** the motion [# 3].

## I.    Background

Plaintiff is a citizen and resident of Cherokee County, North Carolina, where

he owns property with his wife, Patricia Barnett.  (Pl.'s Compl. ¶¶ 1, 5.)  Defendant

State Auto is an Ohio corporation conducting business in North Carolina. (<u>Id.</u> at ¶ 2.) Defendant State Auto issued Plaintiff a homeowner's insurance policy effective January 29, 2012, insuring the dwelling located on Plaintiff's property. (<u>Id.</u> at ¶ 3; Ex. 1 to Pl.'s Compl.)

On March 2, 2012, a tornado severely damaged the dwelling and contents of the dwelling insured by the homeowner's policy issued by Defendant State Auto. (<u>Id.</u> at ¶ 6.) Plaintiff promptly notified Defendant of the loss and cooperated with Defendant's investigation into the loss. (<u>Id.</u> at ¶ 7.) As part of the investigation, Plaintiff provided a Sworn Statement in Proof of Loss. (<u>Id.</u> at ¶ 7.)

Between March 12, 2012, and February 25, 2014, Defendant paid Plaintiff approximately $66,866.98 to cover losses to the dwelling, losses to personal property, mold damage, appurtenant structure, and for additional living expenses. (<u>Id.</u> at ¶ 9.) Defendant, however, has refused to make any further payments to Plaintiff to cover additional losses to the dwelling and for losses to Plaintiff's personal property. (<u>Id.</u> at ¶¶ 10-11.) Plaintiff contends that additional repairs totaling approximately $156,618.99 are needed to repair damage caused by the tornado itself, as well as water from the tornado. (<u>Id.</u> at ¶¶ 10, 12, 14, 16.) Some of these damages are related to damage to the foundation of the dwelling. (<u>Id.</u> at ¶ 12.)

Meanwhile, as part of its investigation into the loss, Defendant State Auto hired Donan Engineering Company to evaluate the damage to the dwelling and to determine the cause and severity of cracks in the foundation. (Id. at ¶ 7, 19.) Defendant's expert, K. Brian Cone, subsequently prepared a report in which he determined that the cause of the foundation cracks was vibration from deck bolts. (Id. at ¶ 20.) When the cracks became worse, the expert prepared a second report in which he determined that the cause of the cracks was horizontal earth pressure. (Id.) Plaintiff contends that these reports are incorrect, and the actual cause of the foundation cracks was the wind force of the tornado. (Id.) In support of Plaintiff's claim for these additional damages allegedly caused by the tornado, Plaintiff obtained a report from a structural engineer, which he provided to Defendant State Auto. (Id. at ¶ 13.)

As a result of Defendant's failure to pay for the additional damages Plaintiff contends are covered under the terms of his homeowner's insurance policy, Plaintiff brought this action in state court asserting claims for breach of contract and bad faith and tortious breach of contract. Defendant State Auto then removed the action to this Court and moved to dismiss the bad faith and tortious breach of contract claim pursuant to Rule 12(b)(6). Subsequently, the parties consented to jurisdiction before a United States Magistrate Judge. Defendant's Motion to

Dismiss is now properly before this Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims

state a plausible claim for relief.[1]  See Francis v. Giacomelli, 588 F.3d 186, 189

(4th Cir. 2009).  In considering Defendant's motion, the Court accepts the

allegations in the Complaint as true and construes them in the light most favorable

to Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250,

253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts

well-pled facts as true, it is not required to accept "legal conclusions, elements of a

cause of action, and bare assertions devoid of further factual enhancement . . . ."

Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain

sufficient factual allegations to suggest the required elements of a cause of action.

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65

(2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation

of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127

S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of

the Federal Rules of Civil Procedure "demands more than an unadorned, the

---

1       Once a case is removed to federal court, the Federal Rules of Civil Procedure, not the corresponding state
rules, dictate the procedural requirements in a case.  Fed. R. Civ. P. 81(c)(1).

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

### III. Analysis

Count Two of the Complaint asserts a claim for bad faith and tortious breach of contract. (Pl.'s Compl. ¶¶ 18-25.) Under North Carolina law, a plaintiff may assert a tort for the bad faith refusal by an insurance company to settle a claim. See Lovell v. Nationwide Mut. Ins. Co., 424 S.E.2d 181, 184 (N.C. Ct. App. 1993); see also Cleveland Constr., Inc. v. Fireman's Fund Ins. Co., 819 F. Supp. 2d

477, 483 (W.D.N.C. 2011) (Mullen, J.); Blis Day Spa, LLC v. The Hartford Ins. Grp., 427 F. Supp. 2d 621, 631 (W.D.N.C. 2006) (Conrad, C.J.); Clear Creek Landing Home Owner's Ass'n, Inc. v. Travelers Indem. Co. of Conn., No. 1:12cv157, 2012 WL 6641901, at *2 (W.D.N.C. Dec. 20, 2012) (Howell, Mag. J.). In order to state a bad faith claim against an insurer, a plaintiff must allege: (1) that the insurer refused to pay a claim after the insurer recognized the claim as valid; (2) bad faith; and (3) aggravating or outrageous conduct. Lovell, 424 S.E.2d at 184; Cleveland Constr., 819 F. Supp. 2d at 483; Blis Day Spa, 427 F. Supp. 2d at 631; see also Topsail Reef Homeowners Ass'n v. Zurich Specialties London, Ltd., 11 Fed. App'x 225, 237 (4th Cir. 2001) (unpublished). "Bad faith means 'not based on honest disagreement or innocent mistake.'" Topsail, 11 Fed. App'x at 239 (quoting Daily v. Integon Gen. Ins. Corp., 331 S.E.2d 148, 155 (N.C. Ct. App. 1985)); Cleveland Constr., 819 F. Supp. 2d at 483. A plaintiff may demonstrate aggravating conduct by showing fraud, malice, gross negligence, insult, rudeness, oppression, or reckless and wanton disregard of a plaintiff's rights. Lovell, 424 S.E.2d at 185; Blis Day Spa, 427 F. Supp. 2d at 631. A plaintiff, however, must allege more than an honest disagreement as to the validity of the claim. See Topsail, 11 Fed. App'x at 239.

Here, the Complaint fails to allege sufficient factual allegations supporting

each element of a cause of action for bad faith against Defendant State Auto. As a threshold matter, the Complaint fails to allege that Defendant State Auto ever recognized the claim for the entirety of the loss sought by Plaintiff, including the cracks in the foundation. See Lovell, 424 S.E.2d at 184; Cleveland Constr., 819 F. Supp. 2d at 483; Blis Day Spa, 427 F. Supp. 2d at 631. At most, the Complaint alleges that Defendant recognized a portion of Plaintiff's insurance claim as valid and made payment to Plaintiff as to that portion of the claim. The Complaint, however, is devoid of any allegations that Defendant recognized the *entirety* of Plaintiff's claim as valid. Rather, the Complaint alleges the opposite – that Defendant determined that a large portion of Plaintiff's claim was not valid because the damage was caused by something other than the tornado. (See Pl.'s Compl., ¶ 20.) The fact that Defendant paid a portion of Plaintiff's claim while disputing the remainder of the claim is insufficient to establish that Defendant recognized the entirety of the claim for purposes of alleging a bad faith claim. See Topsail, 11 Fed. App'x at 230-31; Blis Day Spy, 427 F. Supp. 2d at 632-33; Clear Creek, 2012 WL 6641901, at * 1-3. Because the Complaint fails to allege that Defendant State Auto recognized the claimed amounts as valid but nevertheless failed to pay the claim, Plaintiff cannot state a claim for bad faith settlement. See Lenior Mall, LLC v. State Farm Fire and Cas. Co., No. 5:10cv40, 2011 WL

3682794, at *2 (W.D.N.C. Aug. 23, 2011) (Mullen, J.) (dismissing claim for bad faith settlement where plaintiff failed to plead facts showing that the insurance company ever recognized that Plaintiff's claim was valid).

Moreover, the Complaint fails to allege facts demonstrating that Defendant State Auto acted with bad faith in denying the remainder of Plaintiff's claim. Although the Complaint contains a number of conclusory allegations related to the alleged bad faith on the part of Defendant State Auto, the well pled factual allegations in the Complaint only demonstrate an honest disagreement as to the validity of the claim. After Plaintiff notified Defendant State Auto of the loss, Defendant began its investigation. (Pl.'s Compl. ¶ 6.) Defendant promptly made an initial payment in excess of $20,000.00 to Plaintiff for his loss to dwelling and continued making payments to Plaintiff through at least February 25, 2014. (Id. at ¶ 9.) As part of its investigation into the loss, Defendant retained an expert to determine the cause of foundation cracks in the dwelling. (Id. at ¶¶ 19-20.) This expert reached the conclusion that the damage was not caused by the tornado. (Id. at ¶ 20.) Plaintiff, however, retained his own expert who presumably determined that the cause of the damage was related to the tornado. (Id. at ¶ 13.)[2]

---

2    The Complaint does not actually allege that Plaintiff's structural engineer determined that the cause of all the damage was the tornado and not the result of vibration for deck bolts or horizontal earth pressure as Defendant's expert concluded. (See e.g. Pl.'s Compl. ¶ 13.) Rather, the Complaint only alleges that the structural engineer prepared a report "detailing the nature and cause of the damage . . . ." (Id.)

These factual allegations are substantially similar to the situation in <u>Clear Creek</u> where an insurer failed to pay a claim for the full replacement of a roof despite the fact that the insured had obtained the opinion of a roofer in support of its claim. As the Court explained in <u>Clear Creek</u>:

> Defendant promptly inspected and re-inspected the damaged roofs in question and found that the full replacement of the roofs was not covered under the insurance policy because the damage was attributable to stress damage as opposed to hail damage. Although a roofer hired by Plaintiff determined that the roofs needed to be replaced because of hail damage, this fact merely demonstrates that the parties have a legitimate, honest disagreement as to the cause of the roof damage and, thus, the validity of the claim. A disagreement between an insured and an insurer as to the validity of a claim does not transform Plaintiff's breach of contract claim into a tort for bad faith settlement. <u>See</u> <u>Topsail</u>, 11 Fed. App'x at 239.

2012 WL 6641901, at *3. Plaintiff's claim fails for the same reason that the claim in <u>Clear Creek</u> failed, the legitimate disagreement as to whether the damage to the dwelling was caused by the tornado or some other source as Defendant's expert concludes, merely demonstrates that the parties have a legitimate, honest disagreement to the cause of loss and the validity of Plaintiff's remaining claim. <u>See</u> <u>id.</u> And Plaintiff must alleged more than an honest disagreement as to the cause of the loss to assert a tort claim against Defendant for its refusal to a pay a disputed claim under and insurance policy. <u>Id.</u> Accordingly, the Court **GRANTS** the Motion to Dismiss [# 3].

## IV.    Conclusion

The Court **GRANTS** the Motion to Dismiss [# 3] and **DISMISSES** Count Two.

Signed: January 22, 2015

Dennis L. Howell
United States Magistrate Judge